**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 110462

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KRISTIN DIPIERRO and UDAVILLA BURGOS,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL CREDIT SERVICES, LLC,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

KRISTIN DIPIERRO and UDAVILLA BURGOS (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against CENTRAL CREDIT SERVICES, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiffs are individuals who are citizens of the State of New York.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant's principal place of business is located in Ramsey, New Jersey.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiffs owe a debt ("the debts").

11. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect Plaintiff BURGOS's alleged debt, Defendant contacted Plaintiff BURGOS by letter dated July 29, 2015. ("Exhibit 1.")

15. In its efforts to collect Plaintiff DIPIERRO's alleged debt, Defendant contacted Plaintiff DIPIERRO by letter dated January 12, 2016. ("Exhibit 1.")

16. The letters were the initial communication to each Plaintiff received from Defendant.

17. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt
### AS TO PLAINTIFF DIPIERRO

18. Plaintiff DIPIERRO repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692g provides that within five days after the initial communication

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

20. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

21. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

22. The letter to Plaintiff DIPIERRO fails to disclose whether the balance may increase due to interest and fees.

23. The letter to Plaintiff DIPIERRO provides only a "Current Balance."

24. The letter to Plaintiff DIPIERRO Plaintiff states that, "The Amount Due above reflects the total balance due as of the date of this letter.  The itemization reflects post charge-off activity we received from American Express and as such is subject to timing and system limitations."

25. Based upon the aforementioned language, the least sophisticated consumer would be confused as to how she could satisfy the debt.

26. Based upon the aforementioned language, the least sophisticated consumer would be uncertain as to how she could satisfy the debt.

27. Based upon the aforementioned language, the least sophisticated consumer is left to guess what the current balance is.

28. Based upon the aforementioned language, the least sophisticated consumer is left to guess what the "timing and system limitations" are.

29. Based upon the aforementioned language, the least sophisticated consumer is left to guess what effect "timing and system limitations" have on the stated amount due.

30. Based upon the aforementioned language, the least sophisticated consumer would assume that the balance may be different on the date the letter is received versus the date of the letter.

31. Based upon the aforementioned language, the least sophisticated consumer would not know if the balance as of the date of the letter is different at the time the letter is received.

32. Based upon the aforementioned language, the least sophisticated consumer would not know if the balance as of the date of the letter is different at the time payment is to be made.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

33. Defendant failed to clearly state the amount of the debt.

34. Defendant failed to unambiguously state the amount of the debt.

35. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

36. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

37. Because of this failure, Plaintiff DIPIERRO was confused as to the amount of the debt.

38. Because of this failure, Plaintiff DIPIERRO was uncertain as to the amount of the debt.

39. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations
## AS TO PLAINTIFF DIPIERRO

40. Plaintiff DIPIERRO repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

43. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

44. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

45. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

46. The letter to Plaintiff DIPIERRO fails to disclose whether the balance may increase due to interest and fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

47. Plaintiff DIPIERRO was unaware of whether the balance may increase due to interest and fees.

48. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO PLAINTIFF BURGOS**

49. Plaintiff BURGOS repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

52. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

53. The letter to Plaintiff BURGOS fails to disclose whether the balance may increase due to interest and fees.

54. The letter to Plaintiff BURGOS provides only a "Current Balance."

55. Plaintiff BURGOS was misled to believe the debt could be paid in full by remitting the sum stated in the letter at any time after receipt of the letter.

56. The least sophisticated consumer would be confused as to how she could satisfy the debt.

57. The least sophisticated consumer might believe she could pay the debt in full by remitting the sum stated in the letter at any time after she received the letter.

58. Such a belief may or may not be correct, as the letter fails to disclose whether the balance may increase due to interest and fees.

59. If interest continues to accrue after the date of the letter, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

applicable interest rate.

60. Conversely, the least sophisticated consumer might believe she may pay the debt in full by remitting the sum stated in the letter at any time after the date of the letter.

61. Defendant failed to clearly state the amount of the debt.

62. Defendant failed to unambiguously state the amount of the debt.

63. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

64. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

65. Because of this failure, Plaintiff BURGOS was confused as to the amount of the debt.

66. Because of this failure, Plaintiff BURGOS was uncertain as to the amount of the debt.

67. Defendant has violated the FDCPA because the letter fails to disclose whether the balance may increase due to interest and fees.

68. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO PLAINTIFF BURGOS

69. Plaintiff BURGOS repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

71. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

72. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

73. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

74. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

75. The letter to Plaintiff BURGOS fails to disclose whether the balance may increase due to interest and fees.

76. Plaintiff BURGOS was unaware of whether the balance may increase due to interest and fees.

77. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### JURY DEMAND

78. Plaintiffs hereby demand a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff DIPIERRO pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff BURGOS pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' actual damages; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

DATED: July 20, 2016

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 110462

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

8